ELIZABETH FISHER, Respondent, v. WILLIAM RANKIN, Appellant.

*Damages for personal injuries — proof of responsibility for negligence — evidence of work being done by an independent contractor — city gas lamp not presumed to be. lighted at night.*

Upon the trial of an action brought to recover damages for personal injuries sus- tained by a fall on a sidewalk, alleged to have been caused by the defendant's. negligence, the plaintiff proved that the defendant owned and was in the actual possession of the property abutting on such sidewalk; that he had dug out cellars and caused the erection of certain buildings thereon; that he visited the premises every day while the excavations were going on, and sometimes half a dozen times each day; that he saw men at work excavating the sidewalk and putting in ashes, and was seen apparently giving directions to men at work both upon such buildings and sidewalk.

*Held,* that the plaintiff had established by *prima facie* evidence that the work was: being done by the defendant or his agents, and that the negligence, if there· was any, was chargeable to him.

Upon the trial of such action, the plaintiff having established *prima facie* that the negligence, if any, was that of the defendant or his agents, the defendant testified that the work was being done by an independent contractor; other· witnesses testified to independent facts which might be regarded as corroborat- ing the defendant's testimony, but, without his testimony, the evidence would. not permit a finding that the work was being done by an independent contractor.

*Held,* that the court could not assume that it was proved that the work had been done by an independent contractor and dismiss the complaint on that ground. There is no presumption that a gas lamp in a city is lighted at night.

APPEAL by the defendant, William Rankin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of February, 1893, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office: on the 24th day of February, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Robert E. Deyo*, for the appellant.

*Christopher Fine*, for the respondent.

Parker, J.:

The defendant purchased certain vacant lots situate on Tenth avenue and Forty-eighth street in November, 1883. The sidewalk in front of the premises was about fifteen feet wide, but the only pavement consisted of a row of stone flagging about four feet wide. Thereafter he commenced the erection of buildings on the lot, and ·either constructed personally or caused to be constructed by an independent contractor, a pavement covering the full width of the sidewalk. At the beginning of the latter work the stone flagging was taken up and the earth excavated to a depth of between six and eight inches for the full width of the sidewalk. While it was in this condition, and on the evening of July 15, 1884, the plaintiff ·came down the street, and upon the place where the pavement had formerly been, fell, receiving severe injuries. The evidence bearing upon the question of contributory negligence was of such a character as to present a question for the jury.

The appellant concedes that if this court reaches the conclusion that the plaintiff was not guilty of contributory negligence as a matter of law, then, in determining whether the court rightly denied the defendant's motion to dismiss the complaint, but one proposition need be considered.

That proposition is presented by the following extract from appellant's brief : " Laying aside for the present any question of the contributory negligence of the plaintiff, there remains but one other question, viz.: Has the plaintiff given any evidence tending to show that the work was being done by the defendant or his agents ? If she has she was entitled to go to the jury. If she has not the complaint should have been dismissed or a verdict directed for the defendant."

When the plaintiff had proved that the defendant owned and ¬was in the actual possession of the property abutting upon this sidewalk ; that he had dug out the cellars and caused the erection of the buildings ; that he visited the premises every day while the ·excavations were going on, sometimes a half dozen times each day ; that he saw men at work excavating the sidewalk and putting in the

ashes, and was seen apparently giving directions to men at work both upon the buildings and the sidewalk, she had made out, *prima facie* at least, that the work was being done by the defendant or his agents, and that the negligence, if any there was, was chargeable to him.

There was nothing further she could have proved, except to introduce upon the witness stand every man who did any work on or about the sidewalk, and ask him whether he was doing this work as an independent contractor, and this she was not called upon to do in order to establish a cause of action. Having made out her *prima facie* case on that point the defendant had the right to show, if he could, that he was not responsible for the alleged negligent acts, because he had contracted with another to do the work. This he attempted. He testified that he had made a contract with one James Deering to do the work. He failed to remember whether the contract was in writing; whether any one was present at the time it was made, and did not know what had become of Deering. That there was such a man as Deering, and that he worked on this property during the time the building was in progress, was quite satisfactorily proved. Whether he was one of the mechanics, a foreman of a gang of workmen, a superintendent of the entire work, or an independent contractor, no one pretended to know except the defendant, who testified that he was an independent contractor. Other witnesses were called for the purpose of proving independent facts, which the defendant regarded as tending in some degree to corroborate his testimony. Without his testimony the evidence would not have permitted a finding that Deering was an independent contractor under defendant. Because of certain facts and circumstances proved, permitting a different inference than that contended for by the defendant, coupled with the further fact that the only evidence tending to show that there was a contract and the terms of it is furnished by the testimony of a party to the action, the court could not assume that it was proved, and dismiss the complaint on the ground that it had been made to appear that Deering, and not the defendant, was liable. (*Goldsmith* v. *Coverly*, 75 Hun, 48, and cases cited.)

A question was, therefore, presented for the jury, and the court rightly denied defendant's motion to dismiss the complaint.

The appellant urges that the court should have granted his requests to charge.

It was not error for the court to refuse to charge that the sidewalk was being laid under lawful authority, because the court had already charged that plaintiff must recover on the ground of negligence, if at all. Upon that issue the instruction requested had no bearing, and if charged could have had no other effect than to confuse the jury.

It was not error to refuse to charge that if the sidewalk was in a dangerous condition, the danger arose from the manner of carrying on the work, for the reason that the court had already properly and sufficiently instructed the jury with reference to the acts constituting the negligence alleged. Again, it was not claimed that the condition of the sidewalk leading to the injury was due to building operations on the abutting lot; hence, there was no occasion for a specific instruction on the subject.

Neither was it error to refuse to charge that the presumption was that a certain gas lamp situated within ten feet of where plaintiff fell was lighted. Plaintiff testified that it was dark when and where she fell, which it would not have been had the lamp been lighted.

A daughter of the plaintiff, who went to the place of the injury immediately after it happened and with full knowledge of it, said : " It was dark, and there were no lights there at all. I did not see any gas lamps or anything; no lights to warn you of danger. I did not look at the lamp post but it was dark." This testimony the defendant sought ineffectually to put in issue by an instruction of the court that wherever there is a gas lamp the presumption is that it is lighted. We deem it not unsafe to say that no court has ever so held nor ever will, certainly not until that time shall come when it is absolutely impossible to collect of municipal corporations for gas lamps that do not burn at night.

Our attention is called to no other exceptions which we deem it necessary to consider.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Follett, J., concurred.

Judgment affirmed, with costs.